JS - 6
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-06993 MMM (VBKx) | Date | November 16, 2010 |

| | |
|---|---|
| Title | *Paseo Colorado Holdings LLC v. Guseinov et al* |

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

## I. BACKGROUND

On July 15, 2010, Paseo Colorado Holdings, LLC commenced this unlawful detainer action in Los Angeles Superior Court against defendants Gary Guseinov and Carlos Mario Jaramillo (dba Ceniza), seeking $115,459 in unpaid rent.[1] On July 22, 2010, Paseo served the summons and complaint on defendants.[2] On August 5, 2010, defendants filed a demurrer in state court;[3] Paseo opposed the demurrer on September 7, 2010.[4]

On September 20, 2010, defendants removed the action to this court, invoking the court's

---

[1] Notice of Removal, Docket No. 1 (Sep. 20, 2010), ¶¶ 1, 8.

[2] Notice of Removal, Exh. A (Summons and Complaint), Docket No. 1 (Sep. 20, 2010).

[3] Notice of Removal, Exh. B (Defendant's Demurrer), Docket No. 1 (Sep. 20, 2010).

[4] Notice of Removal, Exh. C (Plaintiff's Opposition), Docket No. 1 (Sep. 20, 2010).

diversity jurisdiction under 28 U.S.C. §§ 1441 and 1332.[5]  Defendants allege that they are citizens of California, and that Paseo is a Delaware corporation, with its principal place of business in Ohio.[6]

On October 12, 2010, Paseo filed a motion to remand the action to state court, which is currently on calendar for hearing on Monday, December 20, 2010 at 10:00 a.m.[7]  On November 1, 2010, the court issued an order directing defendants to file opposition to plaintiff's motion on or before November 8, 2010.  To date, no opposition has been filed.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument.  The hearing scheduled for December 20, 2010 is therefore vacated and taken off calendar.

## II. DISCUSSION

### A.   Procedural Standard for Removal

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states.  See 28 U.S.C. §§ 1441(a), (b).  Only state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

Parties seeking to remove must comply with certain procedural mandates.  Among these is a requirement that a notice of removal be filed within thirty days after service of the summons and complaint.  28 U.S.C. § 1446(b); see *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  The statute provides for a renewed thirty-day removal period if the original complaint is not removable.  This period commences upon a defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ."  28 U.S.C. § 1446(b).

---

[5] Notice of Removal, ¶¶ 5, 9.

[6] *Id.*, ¶ 7.

[7] Motion to Remand Case to Los Angeles Superior Court ("Motion to Remand"), Docket No. 5 (October 8, 2010).

The removing defendant bears the burden of establishing that removal is proper. See *Gaus v. Miles*, 980 F. 2d. 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (when removing a case to federal court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction). The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand. *Gaus*, 980 F.2d at 566; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

### B. Whether Defendants' Notice of Removal Was Filed Within the Statutory Time Period

Defendants' notice of removal makes no mention of the thirty-day time limit for removing an action under 28 U.S.C. § 1446(b). Based on the pleadings that were attached to the notice of removal, however, it is clear that the removal was not timely. The summons indicates that defendants were served with the summons and complaint on July 22, 2010.[8] They did not remove the case to federal court, however, until almost two months later, on September 20, 2010.[9] Defendants cannot contend they were unable to ascertain that the action was removable at the time they were served, as their notice of removal states that complete diversity and an amount in controversy exceeding $75,000 are apparent from "the four corners of the complaint in this instant matter."[10]

### C. Plaintiff's Entitlement to Attorneys' Fees

Plaintiff's motion to remand includes a request for attorneys' fees incurred as a result of the removal. See 18 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). "The decision to award such fees is within the district court's discretion and does not require a finding of bad faith removal because the purpose of such an award is not punitive, but rather to reimburse a plaintiff for wholly unnecessary litigation costs caused by defendant." *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 506 (E.D. Cal. 2008) (citing *Moore v. Permanente Medical Group*, Inc., 981 F.2d 443, 446-447 (9th Cir.1992)).

The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*

---

[8] Summons and Complaint at 1.

[9] Notice of Removal at 1.

[10] *Id.*, ¶ 10.

*v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

While the court has determined that defendants' removal was improper, it has before it no evidence that defendants removed the action for the purpose of prolonging litigation or imposing costs on Paseo. Consequently, Paseo's request for attorneys' fees is denied.

### III.  CONCLUSION

For the reasons stated, plaintiff's motion to remand is granted.[11] The clerk is directed to remand the action forthwith to Los Angeles Superior Court. Plaintiff's motion for attorneys' fees is denied.

---

[11] Paseo also contends that defendants' removal was improper under the "forum defendant rule." (See Motion to Remand at 2). Having determined that removal was improper on the basis of the thirty-day time-limit, the court need not consider this additional ground for remand. It notes, however, that Paseo's argument has merit. *US Bank Nat. Ass'n v. Gutierrez Hernandez*, No. SACV 10-01508-CJC(MLGx), 2010 WL 4054451, *2 (C.D. Cal. Oct. 14, 2010) ("Section 1441(b) prohibits removal of an action based on diversity jurisdiction where the defendant seeking removal is a resident of the state where the action is brought. 28 U.S.C. § 1441(b). The 'forum defendant' rule reflects the understanding that federal diversity jurisdiction is not necessary to protect the interests of in-state defendants"). See also *One West Bank, FSB v. Breinholt*, No. 1:10-CV-459-BLW, 2010 WL 3735713, *2 (D. Idaho Sept. 14, 2010) ("28 U.S.C. § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. The reasoning behind this rule is that removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. There is no need for such protection when the defendant is a citizen of the state where the case is brought. . . . Based on the Complaint, Defendants are citizens of Idaho residing in Ada County. Accordingly, Defendants are not entitled to remove the case to federal court because it violates the forum defendant rule," citing *Lively v. Wild Oat Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)).